UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey-Allen WITZEMAN,<br><br>                        Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                        Defendants. | Case No.: 22-cv-1433-AGS-MSB<br><br>**ORDER DISMISSING COMPLAINT AND DENYING REMAINING MOTIONS (ECF 11, 12, 13, 14, 22)** |

This lawsuit arose because the County Recorder rebuffed plaintiff's attempt to record a self-styled "Declaration of Land Patent." If recorded, plaintiff believes it grants him "supreme title" to his land (ECF 1, at 9), which will shield it from future interference by, among others, the "STATE OF CALIFORNIA, a Municipal Corporation" (ECF 14, at 2–3). Perhaps he deserves a chance to test such legal theories in court, but not in federal court. This Court lacks subject-matter jurisdiction and must dismiss the complaint.

## BACKGROUND

In 1919, the parcel of land at issue here was conveyed by land patent from the United States government to a private citizen. (ECF 1-2, at 41.) It was later transferred to plaintiff Witzeman.[1] (*See id.* at 42.) In 2022, Witzeman sought to file with the San Diego County Recorder a self-created "Declaration of Land Patent" (ECF 1-2, at 36), in order to

---

[1] For simplicity, the Court will refer to plaintiff as Witzeman. Plaintiff renders his name in different ways—and sometimes with voluminous appellations after it—even in the same pleading. (*Compare* ECF 1, at 1 ("Jeffrey-Allen: family Witzeman") *with id.* at 1–2 ("Jeffrey-Allen: Witzeman . . . Sui Juris, Secured Party. . ., NON-PERSON. . ., NON-CITIZEN, NON-RESIDENT, NON-DEBTOR. . ., NON-CORPORATED, NON-FICTION, NON-SUBJECT, NON-PARTICIPANT in any government programs, a Living flesh and blood man standing on the ground, SPC, under Special Appearance . . . not Generally, . . . Holder-In-Due-Course. . . of all documentation . . . of the 'Entity' Cestui Que Vie trust Jeffrey-Allen: Witzeman (c)TM, representing the Corporate Fiction JEFFREY ALLEN WITZEMAN").)

1

obtain "perfect title" to the land and to ensure that "injunctions and mandamus proceedings will not be against it" (ECF 1, at 3).

The County Recorder rejected Witzeman's handiwork, informing him that "only documents . . . authorized or required by law may be recorded." (ECF 1-2, at 50.) Witzeman sued the Recorder and others. (ECF 1, at 2–3.)

## DISCUSSION

Federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The burden of proving otherwise "rests upon the party asserting jurisdiction." *Id.* Witzeman does not claim diversity jurisdiction—and rightly so, as all the parties appear to be California citizens. *See* 28 U.S.C. § 1332(a)(1). Instead, his filings hint at four potential sources of federal-question jurisdiction. *See id.* at § 1331.

First, Witzeman theorizes that the existence of a U.S. government land patent in his chain of title federalizes this dispute. (ECF 1, at 9.) But "federal land patents do not confer federal question jurisdiction." *Virgin v. Cty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (citing *Shulthis v. McDougal*, 225 U.S. 561, 569–70 (1912)).

Second, he argues that there is jurisdiction under the Treaty of Guadalupe Hidalgo, which ceded California to the United States, because it "governs legal relations of the Land in question." (ECF 1, at 8); *see* Treaty of Peace, Friendship, Limits, & Settlement with the Republic of Mexico, Mex.-U.S., Feb. 2, 1848, 9 Stat. 922. Yet just as government land transfers do not automatically confer federal-question jurisdiction, neither do transfers by treaty. *See Phelps v. Hanson*, 163 F.2d 973, 974 (9th Cir. 1947) (holding that federal-question jurisdiction does not exist simply because litigants claim "title through the treaty"). Similarly, "[j]urisdiction does not attach merely because, in the course of litigation, it may become necessary to construe a law or treaty of the United States." *Id.* For federal-question jurisdiction, Witzeman must claim a "right created by treaty" that is

in "genuine and present controversy"—in other words, the right "will be supported if the treaty is given" Witzeman's preferred interpretation and "defeated if given the construction advocated by" the opposing side. *See Skokomish Indian Tribe v. France*, 269 F.2d 555, 558 (9th Cir. 1959). Witzeman points to no such contested right. Through the Treaty of Guadalupe Hidalgo, the United States gained the land that is now the state of California—including the parcel here. The federal government later transferred that parcel into private hands. None of this is in dispute. And none of it requires a federal court's involvement.

Witzeman's third theory is that this Court derives jurisdiction through the Supremacy Clause. (ECF 1, at 8–9); *see* U.S. Const. art. VI, cl. 2. But that Clause "is not the source of any federal rights," nor basis of any jurisdiction, "and certainly does not create a[ny] cause of action." *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–25 (2015). It merely establishes "a rule of decision" that courts "must not give effect to state laws that conflict with federal laws." *Id.* at 324.

Finally, one of Witzeman's causes of action—"Restraint of Trade"—is partly based on the federal conspiracy statute, 18 U.S.C. § 371. (ECF 1, at 7.) This criminal statute, however, "does not provide a private cause of action." *See Lemke v. Jander*, No. 20-CV-362-JLS (KSC), 2021 WL 778653, at *4 (S.D. Cal. Mar. 1, 2021).

When a court lacks subject-matter jurisdiction, it "must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Ordinarily, such a case "should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). But given the special care taken with self-represented plaintiffs, a court "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up). While the Court doubts that Witzeman can conjure federal jurisdiction here, that outcome is not "absolutely clear."

## CONCLUSION

As this Court lacks subject-matter jurisdiction, the complaint is **DISMISSED** with

leave to amend, and all pending motions are **DENIED AS MOOT**.

By October 6, 2023, plaintiff Witzeman may file an amended complaint addressing the deficiencies discussed in this order. That amended complaint "must be complete in itself without reference to" the original complaint, *see* S.D. Cal. CivLR 15.1, and any claim not realleged in the amended complaint will be considered waived, *see Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).

The Clerk is directed to close this case. The Clerk will postpone issuing a judgment until the deadline to amend passes without an amended complaint or until Witzeman affirmatively notifies the Court that he will not amend. If Witzeman files an amended complaint by the deadline, the Clerk will reopen this case.

Dated:  September 8, 2023

Hon. Andrew G. Schopler
United States District Judge